The State v. Van Vleet.

---

## THE STATE v. VAN VLEET.

Criminal law: JUDGMENT FOR FINE: HOW SATISFIED. When a defendant, sentenced to imprisonment in default of the payment of a fine entered against him in a criminal case, substantially complies with sections 4881, 5005, by suffering imprisonment for the time provided, and executing his note to the treasurer as therein required, he is not only entitled to be discharged from custody, but to have the judgment entered against him satisfied.

*Appeal from Marion District Court.*

WEDNESDAY, JULY 31.

The facts will be found stated in the opinion.

*Scevers & Williams* for the appellant.

*Henry O'Connor*, Attorney-General, for the State.

LOWE, Ch. J. — Several fines were entered up against the defendant for a violation of the penal laws of this CRIMINAL LAW: judgment for fine: how satisfied. State, and he was ordered to be imprisoned until the same were paid. After suffering imprisonment for a given period, he was discharged, and then moved the court that the judgments rendered for these fines be marked satisfied of record. In support of this motion, he showed the following facts, which the court, under the testimony introduced, found to be true, namely, that the defendant was sentenced to be imprisoned until said judgments were paid; that, in pursuance thereof, he was committed to jail, where he remained until, by multiplying the number of days of his imprisonment by $3_{\frac{3}{10}}^{3}$ for each day thereof, the same would make the amount of said judgments, and that, in addition thereto, the defendant paid $176.90 costs on said judgments, and gave his note, payable to the treasurer of said county, for the balance of said judgments, and made a schedule of his property under oath, which was also delivered. With these ascertained facts before it, the court overruled the motion, except as to the amount of one hundred and seventy-six, dollars and ninety cents, which said clerk was ordered to credit on said judgments; to which ruling the defendant, at the time, excepted, and now assigns the same for error.

The correctness of this ruling is to be tested by the true meaning and intent of sections 4881 and 5005 of the Revision. They are as follows:

"SEC. 4881. A judgment that the defendant pay a fine, may also direct that he be imprisoned until the fine be satisfied, specifying the extent of the imprisonment,

VOL. XXIII.—22

which shall not exceed 'one day for every three and one-third dollars of the fine."

"SEC. 5005. When any person convicted of a criminal offense, is sentenced to pay a fine and costs only, and stand committed until sentence 'be performed, if the sentence be not complied with by payment of the sum due within thirty days next following, the sheriff may liberate him from prison, if committed for no other cause, and if he be unable to pay such fine and costs, upon his giving his promissory note for the amount due, payable to the treasurer of the county where he was committed, on demand with interest, accompanied with a written schedule containing a true account of all his property, of every kind, by him signed and sworn to, which note and schedule must be by such sheriff delivered, without delay to the treasurer for the use of the county."

These sections were intended for the benefit and liberation of pauper criminals, and are to be liberally construed, and we cannot but think that when the defendant has substantially complied with the provisions of the sections, the penalty of the law, so far as he is concerned, is satisfied, and he is entitled to have the judgments canceled. If, after he has done so, an execution could issue on said judgments, then, it seems to us, the language of these sections (if they are to be construed according to their natural import) would be without any sensible meaning or object.

If, on the other hand, an execution could not regularly issue under the circumstance, which we believe, then the party is entitled to have the judgments against him satisfied. It follows, therefore, that the motion referred to should have been sustained, and not overruled.

Reversed.