## NELSON v. EVERETT.

**Mortgage;** STIPULATION FOR ATTORNEY'S FEE: USURY: PLEADING. A stipulation in a mortgage, that if it becomes necessary to foreclose a reasonable amount shall be allowed as an attorney's fee and taxed as part of the costs, is not usurious ; and a reasonable fee may be recovered as part of the costs, without any averment in the petition as to what amount is a reasonable fee.

*Appeal from Tama District Court.*

FRIDAY, JULY 22.

ACTION to foreclose a mortgage. The plaintiff appeals. The further facts are stated in the opinion.

*Struble & Bradshaw* for the appellant.

*Stivers & Sagely* for the appellee.

COLE, Ch. J.— The petition contains the usual and necessary averments in an action upon a note and to foreclose a mortgage given to secure the payment of the same, and contains also this further averment : "That at time of the execution of said note and mortgage, and as part of the consideration thereof, said defendant, Lyman Everett, expressly agreed, that, if it became necessary to foreclose the mortgage, the court should allow a reasonable amount as attorney's fee, and taxed as part of the costs of foreclosing the same, which said agreement is part of said mortgage, and a clause thereof ;" and he also asked for judgment "and costs including attorney's fee." A copy of the mortgage is annexed to the petition, and a clause thereof is as follows, to wit : "It is also agreed by the mortgagors, that if it becomes necessary to foreclose this mortgage, a reasonable amount shall be allowed as an

attorney's fee, and taxed as part of the costs of fore-closing."

There was no appearance or answer by the defendant, and judgment of foreclosure was rendered by default. At the time plaintiff introduced his proof after the default, he offered to prove what was a reasonable attorney's fee for foreclosing the mortgage ; but the court refused to hear such proof, and refused to allow plaintiff any sum whatever for attorney's fees, as costs or other-wise ; and this refusal is the only error assigned.

It was error to reject the offered proof. The petition alleges, and this is not controverted, that as a part considera-tion of the note and mortgage, the defendant agreed, that in case of foreclosure, the court shall allow an attorney's fee as part of the costs. This averment negatives all idea of usury under the cover or pretext of an attorney's fee. Nor is there any foree in the objection by appellee's coun-sel here, that the petition does not contain an averment that it had "become necessary to foreclose the mortgage," or an averment of what was a reasonable attorney's fee. For while it is true, that in cases of default, ordinarily no proof can be offered by plaintiff except in support of the allegations of his petition, yet it will be remembered that the proof offered in this case was not in support of the right of action, but as to the question of costs and the proper taxation thereof. The plaintiff could not aver what would be a reasonable attorney's fee until the services were rendered, and thus the basis of determining their reasonable value became manifest. The necessity for the foreclosure was shown by the result of the action. The consideration for the defendant's promise was sufficiently averred. The ruling rejecting the offered proof is reversed and the cause remanded, with instructions to hear the proof and tax the costs accordingly.

Reversed.