McGILL v. GRIFFIN *et ux.*

Mortgage: NOTE: STIPULATION FOR ATTORNEY'S FEE. A stipulation in a note, secured by mortgage, that in case the collection of the note shall be enforced by legal proceedings, the maker shall pay the attorney fee for collection, is legal and proper, and will be enforced. Following *Nelson* v. *Everett,* '29 Iowa, 184, and *Weatherby* v. *Smith,* 30 id. 131.

### *Appeal from Monroe Circuit Court.*

### FRIDAY, OCTOBER 20.

The plaintiffs petition claims of the defendants the sum of $600 principal and interest alleged to be due on a promissory note, and prays for the foreclosure of a mortgage given to secure the note. It also claims the further sum of $50 as attorney fee for collecting the same. In the note is contained the following stipulation, viz.: "And should this note be collected by legal process, I agree to pay the attorney's fee for collecting the same." The mortgage contained the provision that it should be void " upon the payment of the sum mentioned in the note, *and compliance with the conditions of said note.*

The defendants made no appearance, and on the 7th day of February, 1871, a default was duly entered against them; and on the 8th day, the court after hearing competent evidence of the value of the attorney fee claimed, rendered judgment for the principal and interest due on the note and a decree of foreclosure, but rejected and disallowed plaintiff's claim for attorney's fees, to which he excepted, and appeals and assigns this ruling as error.

*Anderson & Stewart Bros.* for the appellant.

*Perry & Townsend* for the appellees.

MILLER, J. — The only question presented by the record is, whether the court erred in the rejection of appellant's claim for the attorney's fees for collection, as stipulated in the note sued on.

This question is fully settled in *Nelson* v. *Everett*, 29 Iowa, 184; *Williams et al.* v. *Meeker*, id. 292; and in *Weatherby* v. *Smith*, 30 id. 131.

*Nelson* v. *Everett* was an action on a note and mortgage containing substantially the same stipulation contained in the note in this case, default was entered and plaintiff "offered to prove what was a reasonable attorney fee for foreclosing the mortgage." This evidence was rejected by the court, and the claim for attorney fee was disallowed. This was held erroneous, and that the averment in the petition, that the agreement to pay an attorney fee in case an action to foreclose was necessary, being admitted by the default, negatived all idea of usury under the cover or pretext of attorney's fee. And it was further held in that case, that there was no force in the objection that the petition did not aver that "it was necessary to foreclose the mortgage or contain an averment of what was a reasonable attorney's fee." The stipulation in the note and mortgage was that the fee should be taxed *as part of the costs of the case.*

In the case of *Williams et al.* v. *Meeker*, the mortgage provided that, "in case of foreclosure a reasonable attorney fee may be recovered by plaintiff upon the mortgage, and the same shall be *included in the judgment.*"

On the trial evidence was offered to prove the value of the services of the attorney in foreclosing the mortgage, and the jury allowed $75, and made it a part of the verdict. Mr. Justice BECK, in the opinion in that case, says: "We know of no reason why parties cannot be permitted to enter into such contracts and enforce them. A debtor, by refusing or neglecting to pay his creditor, imposes upon him the expense of resorting to the law to enforce his

·ights.  It is equitable and just that the debtor, in such a ¿ase, should pay the expense which he has imposed upon his creditor.  While the law makes no provision for enforcing such a conscionable obligation, it will certainly be esteemed a sufficient consideration upon which to base a contract whereby the party binds himself to do that which in conscience he ought to do, or to re-imburse his creditor for expenses which his own wrong has made necessary to be incurred."  The judgment of the court below was affirmed.

In *Weatherby* v. *Smith*, which was an action to foreclose a mortgage containing a clause for the payment of a reasonable attorney fee to the mortgagee in case of default, it is held that, inasmuch as the payment of such attorney fee was contingent and could have been avoided by the mortgagor making payment of the mortgage at maturity or at any time before suit brought, the agreement to pay the attorney fee was not usurious, citing *Gower & Holt* v. *Carter & Shattock*, 3 Iowa, 244; *Gilmore & Smith* v. *Ferguson & Cassell*, 28 id. 220; and *Conrad* v. *Gibbon*, 29 id. 120.

These cases cover, and settle the questions presented in this case, and it follows that the circuit court erred in refusing to assess in favor of plaintiff a reasonable attorney fee for collecting the mortgage, and its judgment is

Reversed.