## THE STATE v. PECK.

**Liberation of poor convict: CANCELLATION OF JUDGMENT.** When a defendant sentenced to pay a fine and costs, after having been imprisoned for thirty days, executes his note and files the schedule provided by section 5005 of the Revision, he is not only entitled to be released from confinement but to have the judgment rendered against him canceled.

*Appeal from Polk District Court.*

TUESDAY, OCTOBER 21.

At the October term, 1872, of the district court, the defendant, James J. Peck, filed in each of these causes a motion showing that on the 26th day of March, 1872, he had been convicted of the crime of nuisance; was sentenced to pay a fine of $500 and costs of suit, and in default of payment to be imprisoned until the same should be paid, or at the rate of $3.33 per day for the requisite time; that afterward he was, for non-payment of such fines, taken into custody by the sheriff, and imprisoned for the period of thirty days, and then released under the provisions of section 5005 of the Revision, giving his note and the account and schedule therein required. Upon these facts, defendant asked in each case the cancellation of the judgment against him. This was resisted by the State, and it showed that at the time for which the defendant was indicted, tried and convicted for keeping a nuisance, he kept a saloon and sold intoxicating liquors contrary to law, in a building belonging to and situated on premises of one Joseph Hierb, from whom defendant leased the same.

The court refused to order the judgments canceled, so as to affect the lien thereof on the property of Hierb, but ordered that no execution ever issue thereon against the defendant, Peck, and that the issuance of process thereon against him be as completely and fully barred as if the judgments were canceled of record.

Both parties appeal.

*M. E. Cutts*, Attorney-General, and *J. B. Bissell* for the State.

*Phillips & Phillips* and *Louis Rutkay* for the defendant.

MILLER, J.— Joseph Hierb has never been a party, in any sense, to the judgment appealed from ; any adjudication upon his rights would, therefore, be improper.

The only question properly before us is, whether the defendant, under the facts shown, is entitled to have the judgment against him canceled of record.

The Revision, section 4881, provides that " a judgment that defendant pay a fine, may also direct that he be imprisoned until the fine be satisfied, specifying the extent of the imprisonment, which shall not exceed one day for every three and one-third dollars of the fine." Section 5005 further provides that " when any person convicted of a criminal offense is sentenced to pay a fine and costs only, and stand committed until sentence be performed, if the sentence be not complied with by payment of the sum due within thirty days next following, the sheriff may liberate him from prison, if committed for no other cause, and if he be unable to pay such fine and costs, upon his giving his promissory note for the amount due, payable to the treasurer of the county where he was committed, on demand, with interest, accompanied with a written schedule containing a true account of all his property of every kind, by him signed and sworn to, which note and schedule must be by such sheriff delivered without delay to the treasurer for the use of the county."

In *The State* v. *Van Vleet*, 23 Iowa, 168, it was held that when a defendant has " substantially complied with the provisions of these sections, the penalty of the law, so far as he is concerned, is satisfied, and he is entitled to have the judgment canceled." The facts of that case differ from this only in this, that there the defendant had served the full term of imprisonment, under section 4881 ; whereas, in this case he had served but thirty days. No stress, however, is placed upon that fact,

and section 5005 authorizes the discharge, after thirty days of imprisonment, upon executing the note and schedule provided in that section. So that an imprisonment for thirty days, under section 4881, and the giving of the promissory note and schedule required by section 5005, is a "substantial compliance with both sections." The defendant has done and suffered all this, and is, therefore, under the authority of the case cited, entitled to have the judgment canceled.

We do not understand that case as holding that a compliance with section 4881, by suffering the full term of imprisonment fixed by the sentence, operates of itself as a satisfaction of the fine in whole, or in part, nor do we so hold, but that a substantial compliance with that section, and *also* with section 5005, operates as a satisfaction thereof. When the defendant has suffered imprisonment under section 4881, until he has been legally discharged by a compliance with section 5005, then he is entitled to have the judgment canceled. It is, as to him, fully satisfied.

Following *The State* v. *Van Vleet, supra,* the judgment of the district court will be reversed on defendant's appeal; on that of the State it will be

Affirmed.