KUHN v. MYERS *et al.*

1. **Bond:** PENALTY AND LIQUIDATED DAMAGES. In the case of a contract for the payment of money simply, a stipulation to pay a fixed sum in default of performance will be regarded a penalty and not a covenant for liquidated damages. The contract in question was held to be one of this character.

2. **Contract:** STIPULATION FOR ATTORNEY'S FEES. It is competent for parties to stipulate in a contract, that the defendant, in case of suit thereon, shall be liable for the attorney fees expended by plaintiff.

*Appeal from Polk Circuit Court.*

TUESDAY, OCTOBER 21.

ACTION upon a bond; there was a judgment for plaintiff, from which he appeals. The facts of the case fully appear in the opinion.

*Louis Rutkay, Phillips & Phillips* for the appellant.

*Finch & Sickmon* for the appellee.

BECK, CH. J. — I. The obligation which is the foundation of this action, recites that defendants, Myers and wife, conveyed certain lands to plaintiff by deed of warranty, and on the same day, Hill and wife conveyed, in a like manner, other lands to plaintiff; that Young had recovered a decree of foreclosure against Myers, wherein it was ordered, that a special execution for the sale of the mortgaged lands should be issued, and if the amount of the decree was not made by the sale of the lands, they should be sold on a general execution; that Hill became the surety for a stay of execution upon the decree, and that if Myers and Hill fail to pay the decree, execution for the amount due thereon, after the sale of the mortgaged land, may be levied upon the lands bought by plaintiff of said parties. It is then recited that, for the purpose of securing plaintiff in addition to the covenants in his deeds from the parties named, the obligation sued

on is given.   Following these recitals, are the obligations and conditions of the instrument in the following words :

"We, the undersigned, hereby undertake and agree for a valuable consideration, to each of us in hand paid, and do hereby acknowledge ourselves indebted to Joseph Kuhn in the penal sum of six thousand dollars, for the payment of which said sum well and truly to be made and done, we bind ourselves firmly by these presents.

"The conditions of this contract are such that we each promise and agree with the said Joseph Kuhn that if said judgment aforesaid be not paid at the expiration of the stay of execution aforesaid, and if the same be not paid within thirty days then next following the day of the expiration of said stay of execution, that we will pay said judgment, and fully release the same and the lien thereof fully and legally from ever in any manner attaching or in any way affecting the title as a lien, or otherwise, of and on the real estate mentioned and set out in said deeds of conveyance by said Myers and wife and said Hill and wife to said Joseph Kuhn as aforesaid.  The intention being that said judgment shall not be permitted to remain and the lien thereof exist in any way after said period of thirty days aforesaid, but that said judgment be paid and discharged within said time, so as not to affect the title in any way or manner of said lands sold to the said Kuhn, or the market value thereof.  And it is further stipulated and agreed between the parties hereto that a failure of the undersigned to pay off said judgment or to fully and completely release the lien thereof so as not to attach in any way or manner on said lands of said Kuhn aforesaid, or affect the market value thereof, within said period of thirty days after the expiration of said stay of execution *as damage sustained and to be then due* to Joseph Kuhn by permitting said judgment to remain a lien on said lands so conveyed aforesaid, *and as damage considered by the parties hereto talked of and estimated, fixed and stipulated for, and in addition to the amount then due on said judgment which we have agreed to pay as aforesaid, we forfeit and agree to pay in addition thereto as damages*

*aforesaid, the sum of one thousand dollars.* And also if suit be commenced on this contract to enforce the provisions thereof, we agree to pay a reasonable attorney's fee and all costs. Signed as of June 21st, 1871."

The petition alleges a breach of the obligation in the failure of Myers and Hill to pay the decree, and that the mortgaged lands were not sold upon the special execution for sufficient to pay the amount due thereon, but that plaintiff was compelled to pay the sum of $835 to satisfy the balance of the decree in order to protect his lands from the lien thereof. Recovery is claimed for that amount with interest and $1,000, the sum stipulated in the bond as damages, and the further sum of $400 for attorney's fees as provided for in the instrument.

The cause was submitted to the court without a jury, and upon a finding of facts, a judgment was rendered for the sum of $860, the amount paid by plaintiff to discharge the decree with interest, and $150 attorney fees, with six per cent interest from the rendition of the judgment, the court holding that the $1,000, provided to be paid by the bond, was in the nature of a penalty and not of liquidated damages. To the judgment both parties excepted and both appeal, the plaintiff assigning as error the ruling of the court, that the $1,000 stipulated to be paid is a penalty, and the defendant objecting to the rendition of judgment for attorney's fees. These questions, and no others, are presented by the record for our consideration.

II. The question presented upon plaintiff's appeal involves the construction of the provision in the bond stipulating for the payment of $1,000 in default of the satisfaction of the decree by defendants, in order to determine whether the sum, for which defendants are thereby bound, is to be regarded in the nature of a penalty or of liquidated damages. A principle of law which controls the decision of this question is not disputed by the counsel of either party. It is this: In the case of a contract for the payment of money simply, a stipulation to pay a fixed sum in default of performance by the obligor, will be regarded as a penalty and not as a covenant

for liquidated damages.    This rule is based upon the princi-
ple that damages for the breach of such contracts are fixed and
liquidated by the law and require no liquidation by the par-
ties.    The only matter of dispute with counsel relates to the
question whether the bond is to be regarded as a contract for
the payment of money only, and, therefore, within the rule.
In our opinion it must be so considered.    The undertaking of
the defendants is to pay the amount due upon the decree; no
other act is stipulated for by the bond.    It recites that the
payment is to be made for the purpose of releasing plaintiff's
land from the lien, and the intention of the parties to secure
that end.    But the act which defendants are bound to do is
the payment.    It can make no difference in the application of
the rule that the payment, under the contract, is to be made
to a party other than plaintiff; it is for his benefit and the
contract is made with him.    When money is withheld by a
party charged with the duty or obligation of paying it as a
debt, the purpose or object for which the payment is to be
made, forms no element in estimating damages recoverable
against him.

A brief consideration of the facts of the case will demon-
strate the correctness of our conclusion.    Myers and Hill were
bound by the covenants of their respective deeds to plaintiff
to protect him from incumbrance upon the lands conveyed
by each; they were bound thereby to discharge the lien of the
decree.    By these covenants each became bound to plaintiff to
pay the decree.    The damages recoverable by plaintiff upon the
deeds for the violation of their respective covenants is fixed by
law.    Of this there is no question.    Yet defendants' obligations
under these covenants are to pay their own debt to another
for plaintiff's protection; just what they undertook, and
nothing less, in the instrument sued upon.    In truth it is, as
expressly recited therein, intended as additional security to
plaintiff for the performance of defendants' covenants in the
deeds for the land executed by Myers & Hill.    We conclude
therefore that the bond sued on is a simple obligation to pay

money, and that the covenant to pay $1,000 must be regarded as a penalty and not recoverable.

III. Upon defendants' appeal it is insisted that as the penalty provided for is not recoverable, judgment was erroneously rendered for the attorney's fees. It is not denied that a contract may stipulate for payment to be made for such purpose. This court has held that a contract of this character may be enforced. *Nelson* v. *Everett*, 29 Iowa, 184; *Williams* v. *Meeker*, id. 292. But it is claimed that as the recovery of the penalty for which suit is brought is successfully resisted and that as the unlawful claim made it necessary for defendant to resist the action, plaintiff ought not to be required to pay the fees. It does not, however, appear that the suit was not necessary to recover the damages to which plaintiff is lawfully entitled; no offer or tender of payment was made by defendants. Had either been done it might, in that case, be claimed that the suit was unnecessarily prosecuted. As it is not made to appear that the action was unnecessarily or unlawfully commenced to recover the damages to which plaintiff is entitled, the defendants are liable for the attorney fees, under the contract.

2. CONTRACT.

The judgment of the circuit court is

Affirmed.