THE STATE v. JORDAN.

1. **Criminal Law**: INDICTMENT: NUISANCE. An indictment for nuisance, which alleges the keeping of intoxicating liquors with intent to sell the same, is good without the allegation that they were kept in violation of law. Following *The State v. Collins*, 11 Iowa, 141.

2. ———: NUISANCE: PENALTY FOR KEEPING: IMPRISONMENT. One committed under Sec. 4092 of the Code may be imprisoned until the fine is paid, but the power of the court to direct imprisonment is limited to one day for every three and one-third dollars of the fine (Code, Sec. 4509), and the defendant is not entitled to credit on the judgment therefor. If he is sentenced to labor, he is entitled to a credit of one dollar and a half a day on the judgment (Code, Sec. 4736). A sentence of imprisonment until fine and costs are paid by labor, at the rate of a dollar and a half a day, was held erroneous.

*Appeal from Wapello District Court.*

FRIDAY, SEPTEMBER 25.

THE defendant was indicted for keeping a nuisance; he pleaded guilty and was fined five hundred dollars, and ordered confined at hard labor until said fine and costs are paid, said labor to be performed in or out of jail under the direction of the sheriff of said county. The defendant appeals.

*Hendershott & Burton* and *John Gibbons*, for appellant.

*M. E. Cutts, Attorney General*, for the State.

COLE, J.—I. The indictment is as follows: "The grand jury of the county of Wapello, in the name and by the authority of the State of Iowa, accuse Kinsey Jordan of the crime of nuisance, committed as follows: The said defendant

in the State of Iowa, on the first day of May, A. D., 1873, in the county aforesaid, did then and there keep a certain house in which he then and there kept for sale and sold intoxicating liquors."

It was held by this court in *The State v. Collins*, 11 Iowa, 141, that an indictment for nuisance is good, if it contains an allegation of "keeping intoxicating liquors with intent to sell the same, without adding that they were so kept in violation of law. * * * * The keeping of intoxicating liquors for sale, within the State, is unlawful of itself, unless the party thus keeping and offering to sell is specially authorized to sell the same. And such authority need not be negatived in the indictment. *The State v. Beneke*, 9 Iowa, 203." This indictment charges the actual sale, under Code, Sec. 1540, and this stands in the place of keeping with intent to sell, under Sec. 1541. If it was an information for selling, it would be necessary to state the name of the person to whom sold. *The State v. Allen*, 32 Iowa, 491. But in an indictment for nuisance, this is not necessary. If the question was *res integra*, the writer hereof might not hold as was done in *The State v. Collins, supra.*

It is possible that the bias of being counsel in that case may still remain. But we cannot hold this indictment insufficient without overruling that case. This we cannot now do.

II. It is further urged here that the court erred in ordering the defendant to be confined at hard labor until said fine and costs are paid, at the rate of one dollar and fifty cents per day. This point involves the proper construction of our Code:

" Sec. 4092. Whoever is convicted of erecting, causing or continuing a public or common nuisance, as described in this chapter, or at common law, when the same has not been modified or repealed by statute, where no other punishment therefor is specially provided, shall be punished by a fine not exceeding one thousand dollars, and the court, with or without such fine, may order such nuisance to be abated, and issue a warrant as hereinafter provided.

" Sec. 4509. A judgment that the defendant pay a fine may

*Marginal note:* 1. CRIMINAL LAW: indictment; nuisance.

also direct that he be imprisoned until the fine be satisfied, specifying the extent of the imprisonment, which shall not exceed one day for every three and one-third dollars of the fine.

" Sec. 4736.  Any able bodied male person over the age of sixteen years, and not over the age of fifty years, now or here-after confined in any jail in this State, under the judgment of any court of record or of any other tribunal authorized to imprison for the violation of any law, ordinance, or by-law, or police regulation, may be required to labor during the whole or part of the time of his sentence, as hereinafter provided, and such court or other tribunal, when passing final judgment of imprisonment, whether for non-payment of fine or otherwise, shall have the power to determine, and shall determine, whether such imprisonment shall be at hard labor or not.

" Sec. 4611.  When any person convicted of a criminal offense is sentenced to pay a fine and costs only, and stand committed until sentence be performed, if the sentence be not complied with by payment of the sum due within thirty days next following, the sheriff may liberate him from prison if committed for no other cause, and if he be unable to pay such fine and costs, upon his giving his promissory note for the amount due, payable to the treasurer of the county where he was committed, on demand, with interest, accompanied with a written schedule containing a true account of all his property, of every kind, by him signed and sworn to; which note and schedule must be by such sheriff delivered without delay to the treasurer for the use of the county."

Briefly, and without elaboration, our construction of these several sections may be stated as follows: The penalty for nuisance is like any other penalty, and justifies the same orders respecting imprisonment for non-payment. The next section allows that a judgment for a fine may direct imprisonment till it is paid, but limits the power of the court so to imprison, to such time as shall not exceed one day for every three and one-third dollars of the fine; the court has no power under this section to direct that the party shall be imprisoned till the fine be paid at one

dollar and fifty cents a day.    But it may, under the next sec-
tion, direct that the defendant be required to labor during his
imprisonment.    For such labor he will be entitled to a credit,
under Sec. 4741, upon the judgment for one dollar and fifty
cents for each day.    He is entitled to no credit upon the judg-
ment for the three and one-third dollars mentioned in Sec.
4509; that only serves to measure the duration of his impris-
onment.    But when he has been imprisoned thirty days, and
then makes the schedule and gives his note, under Sec. 4611,
he is entitled to have the judgment satisfied.    *The State v.
Van Vleet*, 23 Iowa, 168; *Polk County v. Hierb*, 37 Iowa,
351.  · As to the validity, or effect if valid, of the last part of
Sec. 4741, denying the benefit of Sec. 4611 to poor convicts,
if, in the opinion of the sheriff, they are able to satisfy the
judgment by labor, we are not called upon to determine.

It follows from this view that the court erred in directing
the imprisonment until the fine and costs are paid by the labor
at the rate of one dollar and fifty cents per day.    It will be so
modified as to limit the time of imprisonment to one day for
every three and one-third dollars of the fine; that the defend-
ant be required to labor during the time of his imprisonment
and that he be credited upon the judgment for such labor, at
the rate of one dollar and fifty cents per day.    With this
modification, the judgment will be, at the costs of the appellee,

AFFIRMED.