MUSSER v. CRUM ET AL.

1. **Pleading:** ATTORNEY'S FEE. Where a promissory note provided for "attorney's fees, and other costs and charges, if the same is not paid when due," it was *held*, in an action thereon, that an answer which put in issue a separate count, containing a claim for attorney's fees, did not also put in issue a count claiming on the note.

2. ————: ————: COSTS. The attorney's fees, when thus provided for in the notes, should be treated as a part of the costs, and the defendant was not, therefore, entitled to a jury. SEEVERS and DAY, JJ., *dissenting.*

*Appeal from Johnson Circuit Court.*

TUESDAY, APRIL 2.

ACTION upon two promissory notes. The petition contains three counts, the first and second upon the two notes respectively, and the third states that each of the notes provides for an attorney's fee for the collection thereof, if the notes are not paid when due. It further states that the notes are due; that the defendants have failed to pay the same; and that six hundred dollars would be a reasonable attorney's fee. Answer was made to the last count only. It was denied that six hundred dollars was a reasonable attorney's fee.

On the 15th of October, 1876, the court rendered judgment on the first two counts for want of an answer. On the 20th of October the defendant moved the court to set aside the judgment which had been rendered upon the first two counts, and demanded a jury trial upon the two counts. The court overruled the motion, and the defendants excepted.

On the same day the court, against the objection of the defendants, proceeded to the hearing of the cause upon the third count, to-wit, as to the attorney's fee. The defendants demanded a jury trial, which the court refused to grant, and to the ruling the defendants excepted. The court proceeded to hear testimony as to the attorney's fee, and allowed the plaintiff $450 to be taxed as part of the costs in the case. To the action of the court in this respect the defendants excepted, and now appeal.

*Remley & Swisher*, for appellants.

*Edmonds & Younkin*, for appellee.

ADAMS, J.—I. No answer or other pleading having been filed to the two first counts of the petition, there was no

1. PLEADING: attorney's fee. error in rendering judgment thereon. Code, § 2856. It is claimed, it is true, by the defendants, that there was in effect an answer to the first two counts. Their position, as we understand it, is this: That an attorney's fee is provided in each note; that a note is but one contract; that a count upon a note, which calls for an attorney's fee, should cover the claim for fee; that if the plaintiff undertakes to set up such claim in a separate count, he should have no advantage from such improper pleading; that properly there should be as many counts as notes, and no more; that the court should construe the petition as containing that number, and consider the averments as to attorney's fee as belonging to the counts on the notes; that the answer, then, which puts in issue the averments as to the attorney's fee, should be considered as putting in issue the counts upon the notes; and that it was, therefore, error to render judgment upon the counts upon the notes as for want of an answer.

The position is certainly ingenious, but we do not think it can be maintained. Our reasons will be given in considering

the action of the court in denying a jury to assess the attorney's fee.

II.   The correctness of the action of the court in denying a jury must depend upon whether the plaintiff was entitled to $\frac{2.}{\text{costs}}$: —: a judgment for attorney's fee as a part of the judgment upon the notes, or merely as costs.   If the attorney's fee was recoverable as costs, a jury was properly denied.   The language of each note is : "We, or either of us, promise to pay to the order of R. Musser, at Iowa City, five thousand dollars, with interest thereon at ten per cent per annum, together with all attorney's fees, and other costs and charges for the collection thereof, if the same is not paid paid when due, for value received."   It will be observed that it is not expressly provided that the attorney's fee shall be regarded as costs, but the term "other costs" would so imply.   In opposition to this view, it is insisted that an attorney's fee would be due from defendants if the notes were collected by an attorney without suit; that in such case it could not be regarded as costs in the sense of taxable costs, for costs cannot be taxed without suit.   Whether, if the claim had been collected by an attorney without suit, the costs of collection could be recovered, we need not determine.   Such question is not before us.   The fee sought is for prosecuting the suit.   There is a suit in which it may be taxed, and we think it is recoverable in that mode.   It was held in *Nelson* v. *Everett*, 29 Iowa, 184, that a reasonable attorney's fee may be recovered without any averment in the petition as to what is reasonable.   One reason given is that "the plaintiff could not aver what a reasonable attorney's fee would be, until the services were rendered."   The fee is earned in the progress of the case, as other taxable costs are earned.   There is certainly much propriety in treating it as costs.   We think that the action of the Circuit Court, in so treating it in this case, was correct.

III.   The defendants say that the judgment upon the notes was erroneously rendered, because, as they say, the case had been set down for trial upon a certain day, and that

before that day arrived, and in the absence of defendants' counsel, the case was called up and the judgment rendered. They claim, therefore, that they were entitled to have the judgment set aside. It is not, however, claimed that there was any defense to the notes, or that defendants were in any way prejudiced. Their application to set aside the judgment was, we think, properly refused.

AFFIRMED.

SEEVERS, J.—Being unable to assent to the conclusion reached in the foregoing opinion, I desire to briefly state my reasons for dissenting therefrom.

The amount of attorney fees the plaintiff is entitled to recover was not fixed by contract. Such amount is in the nature of unliquidated damages. The amount of recovery was put in issue by the answer. The plaintiff was required to introduce proof on the subject. The issue formed by the pleadings was either one of law or fact. It was not the former, and, therefore, must have been the latter. Such issue, and the effect of the testimony relating thereto, must be passed upon by either the court or jury. The action in which the issue was joined, and proof required, was an ordinary proceeding. The Code provides, "Issues of fact, in an ordinary proceeding, must be tried by jury, unless the same is waived." § 2740. There has been no waiver of a jury, and I therefore conclude this issue of fact should have been tried by jury. The notes simply provide that the amount of attorney's fees, when properly ascertained, shall be taxed as a part of the costs, and by no means provide or determine the question how the amount is to be ascertained.

Costs, as a general rule, are fixed by statute. In exceptional cases, only, can the court determine the amount thereof, and such cases are usually defined by statute.

It is true the fee is earned during the progress of the case,

but this by no means determines the question. Nor can it be said to be a legitimate argument against the right of a party to have a jury. DAY, J., concurs with me in the view here taken.