Dent v. Smith.

*1. CRIMINAL law: information: sufficiency of.*

REVERSED.

---

DENT v. SMITH ET AL.

1. **Attachment:** WRONGFUL SUING OUT: BURDEN OF PROOF. Where the wrongful suing out of a writ of attachment is in issue, the burden of proof is upon the attachment defendant to show that no grounds for the attachment existed, and, also, a want of reasonable cause for believing in their existence.

*Appeal from Plymouth District Court.*

WEDNESDAY, APRIL 7.

ACTION on a promissory note executed by five persons, all of whom were made defendants. The note provided for a reasonable attorney's fee. The petition and amendment thereto stated that defendants were about to dispose of their property with intent to defraud their creditors; that they

were about to convert their property, or a part thereof, into money for the purpose of placing it beyond the reach of their creditors; and that they had disposed of their property, in whole or in part, with intent to defraud their creditors. An attachment was asked and issued, and certain money attached by the process of garnishment. A judgment was asked for the amount due on the note and fifty dollars' attorney's fee. · The answer admitted the execution of the note, and that the amount claimed in the petition was due thereon. The amount claimed for attorney's fee was controverted, but it was conceded plaintiff was entitled to a reasonable sum, which was alleged to be fifteen dollars.

A counter-claim, setting up that the attachment had been wrongfully and maliciously sued out, was pleaded, and damages, both actual and exemplary, were asked.

In response to a motion for a more specific statement the defendants stated their actual damages to be $7.20, and the exemplary, $454.46.

There was a trial by jury; verdict and judgment for plaintiff for amount due on the note, and $30.00 for attorney's fees. The defendants appeal.

*Struble Bros.,* for appellants.

*A. W. Durley,* for appellee.

· SEEVERS, J.—I. Out of abundant caution, sixty errors have been assigned. They could have been greatly condensed, and it is deemed unnecessary to notice, specially, all of them.

In response to special interrogatories, the jury found the attachment was not wrongfully sued out, and that the defendants were not entitled to actual damages. Counsel for appellants concede, in argument, that, " unless the case is to be reversed by reason of errors which bear upon the question of actual damages, we understand and concede that it will not be reversed at all." It is useless, therefore, to refer to, much

less discuss and determine, the errors, if any, which relate to exemplary damages.

The third instruction asked and refused is substantially embraced in the fourth, asked and given. The modification of the fifth and sixth was proper; it being competent for the jury to consider the matters there referred to for the purpose of determining the good faith of the plaintiff in suing out the attachment. The seventh asked was given, as we understand the record, as paragraph thirteen of the charge of the court. The objection made to the fifth paragraph of the charge is admitted by counsel for the appellant to be technical. We think even this objection is not well taken, and, without doubt, prejudicial error could not have been caused by the language complained of. This brief review disposes of all the objections made to the instructions, and, we may add, after a consideration of the charge of the court, we conclude the case was fairly and fully submitted to the jury.

It is said the verdict is not supported by the evidence. It must be regarded as the settled law in this State that it con-

1. ATTACH-MENT: wrong-ful suing out: burden of proof.
stituted a sufficient defense to the counter-claim for the plaintiff to show, either that he had good cause to believe the grounds stated for the writ to be true, or that they were true in fact. Or, to state the question more correctly, the burden was on the defendants to show that such reasonable grounds did not exist. Code, § 2961; *Vorse v. Phillips*, 37 Iowa, 428. Such being the case, we are unable to say that the evidence clearly or satisfactorily establishes that the plaintiff did not have reasonable grounds for the required belief, or, that there was no evidence tending to show affirmatively such reasonable grounds of belief. The evidence quite satisfactorily so shows as to some of the defendants, and is not so strong as to others. But, considering their relationship to each other, and the settled rule in this State, we cannot, consistently therewith, disturb the verdict.

The defendants claimed the opening and close, but it was accorded to the plaintiff, on the ground, it is presumed, that there was an issue in relation to the amount of attorney's fees, which, by consent of the parties, or at least without any objection from either, had been submitted to the jury.

It was held in *Musser v. Crum*, 48 Iowa, 52, that such question was for the court and not the jury. But where the parties consent, or fail to object, if the court refers such question to the jury they cannot be heard to say, afterward, it has not been tried and determined by the proper tribunal. As to such issue the burden was on the plaintiff, and he was entitled to the opening and close. But before a cause will be reversed for an error in this respect prejudice must be shown. *Preston v. Walker*, 26 Iowa, 205. This has not been done.

Complaint is made because objections were overruled to certain questions propounded to witnesses touching the reasonable value of such fees. None of them, we think, are well taken. To us they seem to be technical, and more nearly akin to criticisms on the language employed than of substantial merit.

II. The remaining errors relate exclusively to the admission of evidence. Questions were propounded to one or more of the defendants, on cross-examination, which were designed to elicit evidence as to the condition of their property, as to incumbrances and the like. To this objections were made and overruled, as we think, properly. A liberal latitude should be allowed on cross-examination of parties where it is sought to establish a fraudulent conveyance of property. The discretion which is reposed in the trial court as to the extent of the cross-examination was not abused. One of the defendants was asked from whom she had purchased a certain tract of land. This was objected to, and it is insisted it is well taken because it was immaterial from whom it was purchased. Conceding this to be so, it does not follow the question and the answer were prejudicial. In fact, it was

merely introductory to what was to follow. It may have been a waste of time to ask it, but was not otherwise prejudicial.

Whether the question propounded to Joseph Smith, Sr., was proper becomes wholly immaterial, because nothing material was elicited in response thereto. Welliver testified to nothing but what the law would presume, and the evidence, therefore, was not prejudicial.

Many errors are assigned because objections to questions propounded to Curtis, Ball, March and Dalton were overruled. The facts sought to be established by these witnesses, and the legal effect or value of their evidence, was the same. Its tendency was to establish that the defendants had refused to pay or secure their debts; that judgments had been obtained against them, and that they had not acted as honest men ordinarily would have done. The witnesses had communicated what they knew before the issuance of the attachment to the plaintiff. The grounds of objection to this class of evidence, as we understand, is that the plaintiff must stand or fall on the stated causes for the attachment, and, therefore, it is immaterial what defendants owed others or how they acted toward them. It is also said the evidence related only to two of the defendants, and was inadmissible because it did not apply to all. Conceding the causes of attachment must be true as to all of the defendants, the plaintiff was not required to so prove by each witness, but, clearly, he could prove the required facts as to one defendant by one witness, and as to another defendant by another witness. In their zeal counsel seem to forget, or ignore, that the issue was whether the plaintiff had reasonable grounds to believe the stated grounds for the attachment were true. Besides this, it is not necessary that the intent to defraud should be confined to the plaintiff, but it is sufficient to warrant the attachment if the plaintiff had reasonable grounds to believe the intent of the defendants was to "defraud their creditors." The causes for the attachment are thus stated in the petition.

Now any evidence tending to establish the required fact, or to show that plaintiff had reasonable grounds to so believe, was admissible. The fact that two of the defendants had been, or were, indebted to Wilde, could not be prejudicial. It was merely introductory. Some of the evidence had only a remote bearing, in our opinion, on the question at issue. Yet, being admissible, its weight was for the jury. We have examined the evidence and considered each objection, and do not believe any of them are well taken.

The plaintiff, against the objections of the defendants, testified when and how the debt originated; what occurred, from time to time, as to its payment; what they did in reference thereto; and, what some of them said in relation thereto. All this evidence, we think, was pertinent, and the objections were properly overruled.

The debt sued on was originally contracted in 1875 and 1876, and was for money loaned the defendants, John and Joseph Smith. In 1877 a judgment was procured for the balance due, and an action was commenced to set aside a conveyance of real estate made by John or Joseph Smith to the defendant Eliza Smith. Said action was compromised and dismissed, and the note sued on given by the three Smiths, above named, and two others. During the existence of the indebtedness, but before the present note was given, the plaintiff was informed that one of the defendants had said he intended to "fix his property" so that the plaintiff could not make his debt. This evidence was objected to, but the same was properly overruled. Although it occurred before the note in suit was executed, yet it was in relation to the same indebtedness, and should be considered, in connection with what afterward occurred, as tending to generate in the mind of the plaintiff a reasonable ground of belief of the truth of the stated causes for the attachment.

Under these circumstances, certain conveyances of real estate from one of the defendants to another, and then back again, were introduced in evidence, against the objections of

the defendants.  The shifting process had been going on for several years prior to the attachment.  We think the conveyances were admissible.  If they had been made about the time the attachment was issued, and to parties other than the defendants, there would be no doubt as to their admissibility. The fact that they were made sometime previous thereto would not render them inadmissible, but the evidence would not be of as persuasive a character as if they had been made at a more recent date.

It is true while the title remained in one of the defendants the real estate would be liable to the payment of any judgment the plaintiff might obtain, still such shifting of the title from husband to wife, and back again, unexplained, is not of a usual and ordinary character, and might be calculated to excite apprehension that the defendants were about to convert their property into money to the prejudice of, or to defraud, their creditors, and it was for the jury to say whether such apprehension was well grounded or not.

AFFIRMED.