## BOLSTER v. POST.

1. **Bond**: BREACH OF: DAMAGES: TENDER. Where a bond was conditioned for the delivery of a certain land warrant on or before a certain date, if the obligor violated the conditions of the bond and became liable thereon for damages, he could not, after such liability attached, defeat it by a tender or delivery of the warrant into court.

2. ——: ——: CONSTRUCTION OF: PENALTY. Under the conditions of a certain bond, set out in the opinion, for the delivery of a certain land warrant, it was held that the amount which the defendant obligated himself to pay must be regarded as a penalty, and not as liquidated damages, and that plaintiff was not entitled to recover more than the value of the warrant.

*Appeal from Appanoose Circuit Court.*

THURSDAY, MARCH 23.

ACTION upon a bond conditioned for the payment of money and the delivery of a land warrant. There was a verdict for plaintiff. Defendant appeals.

*George D. Porter*, for appellant.

No appearance for appellee.

BECK, J.—I. The action is brought on an instrument in writing of the following form:

"Know all men by these presents, that we, August Post and E. R. Atkinson, as principals, and J. T. Atkinson and W. A. Davis, as sureties, all of Washington township, Appanoose county, State of Iowa, are held and firmly bound unto C. W. Bolster, Washington township, county and State aforesaid, in the sum of eight hundred dollars, lawful money of the United States, to be paid to the said C. W. Bolster, his executors, administrators and assigns, for which payment, well and truly to be made, we bind ourselves, our heirs, executors and administrators firmly by these presents.

"Dated at Moulton Iowa, this May 23d, 1877."

"The condition of the above obligation is such that if the above bounden August Post and E. R. Atkinson, their heirs, executors or administrators, shall well and truly pay or deliver, or cause to be paid and delivered unto the above-named C. W. Bolster, his executors, administrators or assigns, the just and full sum of eight hundred and seventeen and $\frac{25}{100}$ dollars to be paid as follows: Two hundred and seventeen and $\frac{25}{100}$, or a receipt for the same, in satisfaction of a debt secured by chattel mortgage for the said amount of two hundred and seventeen and $\frac{25}{100}$ dollars, including interest and costs, on or before the 29th day of May, 1877. Also a land warrant for six hundred and forty acres of land. Said land warrant, or land warrants, is for land situated in the State of Texas, on or before the 2d day of June, 1877. The above amount being for the purchase-price of all the type, furniture, presses, imposing stone, and all the printing material of every description, belonging to the office of the *Moulton Reporter*, a newspaper at Moulton, Iowa, then the above obligation to be void, otherwise to remain in full force and virtue in law.

Signed,  AUGUST POST,
E. R. ATKINSON,
J. T. ATKINSON,
W. A. DAVIS."

The petition alleges that the bond was executed to secure the purchase-money of the printing office named in the instrument which, under the agreement of the parties, was $817.25, and that the conditions of the obligation had been broken by the failure of the defendant to deliver the land warrant.

The answer alleges that, by a subsequent contract between the parties, it was agreed that the land warrant was to be held by defendant until the payment of certain rent due from plaintiff, which was a lien on the printing office, and that defendant has had no notice of the payment of the lien, and no demand had been made upon him for the warrant. The answer also alleges that he is ready and willing to deliver the land warrant

to plaintiff, and has deposited it with the clerk of the court to be so delivered.

It appears that the land warrant in question was a certificate, or scrip, entitling the holder to 640 acres of land in the State of Texas.

II. The instructions given by the court to the jury were applicable to the testimony introduced by the respective parties.

The defendant asked the court to direct the jury that if they find the warrant, or scrip in question, had been deposited with the clerk they should find for defendant. The refusal to give instructions containing such directions is complained of by defendant. We think they were properly refused.

1. BOND: b: each of: damages: tender.

If defendant violated the condition of the bond by failure to deliver the warrant, as required by the terms of the contract, he became liable upon the instrument for damages. He could not, after such liability attached, defeat it by a tender or delivery of the land warrant into court. He could not in that way escape from a judgment for the damage prescribed by the law. His breach of the contract, at the option of the plaintiff, changed the claim against him into a money demand.

III. The court instructed the jury that if they found for plaintiff, he was entitled to recover $582.75, that is, $800, the penalty of the bond, less $217.25, the amount paid upon the chattel mortgage mentioned in the instrument. The instruction, we think, is erroneous. The bond obligated defendant to deliver the land warrant. No value upon the warrant is fixed in the bond or by the contract of the parties. The purchase price of the printing office is shown to have been $817.25. This was to be paid, $217.25 in cash, and the balance in the scrip or warrant. The scrip was thus taken at $600. But the defendant entered into no obligation to pay scrip of that value, nor did he warrant that it was, and that it would continue to be, of that value. It is very

2. ——: construction of: penalty.

plain that the parties did not consider the scrip to be of that value, $600, for the penalty of the bond, beyond which they could recover nothing, does not equal the price of the printing office, but is $17.50 less. The parties fixed no value upon the scrip for which, under the contract, defendant should become liable in case of his failure to deliver it. It thus appears that the terms of the instrument clearly disclose the fact to be that the $800 which defendant obligated himself to pay, is to be regarded as a penalty, not as liquidated damages. Plaintiff, therefore, was not entitled to recover more than the value of the scrip.

Other questions are discussed by defendant's counsel, but as they are not wholly free· from doubt, and we have no light from argument on plaintiff's side of the case, we do not pass upon them.

For the error in the instruction above pointed out the judgment of the Circuit Court must be

REVERSED.