HENRY J. LONG AND ELIZABETH LONG, HIS WIFE, APPEL-
LANTS, VS. M. EMMA HERRICK, APPELLEE.

1. Where a mortgage provides for a reasonable attorney's fee, testi-
mony may be taken by the court, or a master, to ascertain what
a reasonable fee in the case is; but it is error to allow the fee
without taking such testimony. The record should show that
the allowance was made upon proper testimony.

2. The formal prayer of a bill for "such other and further relief as
equity may require," does not authorize the issuing of a per-
sonal judgment against the wife, who joined in the mortgage
for the purpose of relinquishing her right of dower.

Appeal from the Circuit Court for Volusia County.

The facts of the case are stated in the opinion.

*John W. Price*, for Appellants.

*A. M. Thrasher*, for Appellee.

MITCHELL, J.   The appellee filed her bill to foreclose a
mortgage in the Circuit Court of Volusia county, and among
other things the bill alleges that on the 24th day of June,
1886, the respondents (appellants here) being indebted to
one S. W. Harmon in the sum of $900, made and delivered
to the said Harmon their certain promissory note of that
date, thereby promising to pay to the said Harmon or his
order, on the first day of January, 1887, the sum of $900,
and that to secure the payment of the said note, the respond-
ents, on the 30th day of June, 1886, executed to the said
Harmon their mortgage deed upon a certain tract of land
(describing it) situate in Volusia county, and that subse-
quently Harmon, for a valuable consideration, assigned,
transferred and delivered the said mortgage and note to the
complainant, and that there had been paid on said note
prior to the assignment thereof, the sum of $600.

The respondents demurred to the bill upon three grounds :
1.   That the complainant had not made a case upon which

she can recover; 2. That the prayer of the bill is insufficient in law, in this, that the respondents have not thereby any time allowed for them to exercise their right of equity of exemption according to law; 3. That complainants pray for judgment over against a married woman contrary to law and equity. The demurrer was overruled; the respondents answered, and the cause was submitted upon the bill, answer, replication and exhibits, and the Chancellor rendered his decree for the balance found to be due upon said note and the costs of suit, including attorney's fee, and the case comes here upon appeal from that decree.

The errors assigned are: First, the court erred in overruling the demurrer of respondents; second, the court erred in hearing said cause and entering judgment without evidence or the report of the master made thereon; third, that the court erred in decreeing the payment of fifty dollars attorney's fee, without evidence or report of master; fourth, that the court committed many other errors in proceedings therein, as shown by the record in said cause.

There is nothing in the alleged erroneous overruling of the demurrer, as the allegations of the bill clearly state a case upon which the complainant was entitled to recover.

The second assignment of error is not tenable, because there was no necessity for the appointment of a master to take testimony to ascertain the amount of the principal and interest due on the note sued upon, it being a mere matter of computation that the Chancellor usually makes.

The third assignment raises the only serious question in the case. That a mortgagor is liable upon his undertaking to pay a reasonable attorney's fee, in case the mortgage is foreclosed, cannot be questioned, and hence the only question is, as to how the court is to ascertain what is a reasonable attorney's fee, in such cases? The usual practice is to

submit the question to a master to take testimony for the purpose of ascertaining what sum the complainant is entitled to as a reasonable attorney's fee, but there could be no objection to the court ascertaining this fact by taking testimony, either orally or in writing. But as no bill of exceptions is required in appeals in chancery cases, the decree itself should show that the fee allowed the attorney was upon proper testimony. The decree in this case contains no such showing; on the contrary it states that the decree was rendered upon bill and answer, but of course the note and mortgage were before the court. This language is found in the decree: "and the court being fully advised in the premises, doth find that the allegations in the bill are true as therein stated * that there is now due from the respondent, H. J. Long, to the complainant * (amount of note and interest thereon and costs), and the further sum of $50 as and for a reasonable attorney's fee." Now, the Chancellor could arrive at the conclusion that all the proceedings in the case were regular and legal from the record before him, and could ascertain the amount due on the note from the note itself, but as to how the amount of the attorney's fee due the complainant was arrived at, is not disclosed by the record, and hence it is but fair to assume that the fee was allowed by the court without evidence being taken. This was error. Nelson vs. Everett, 29 Iowa, 184; Williams vs. Meeker, Ib., 292; McGill vs. Griffin, 32 Iowa, 445; Jones vs. Schulmeyer, 39 Ind., 119; Tholen vs. Duffy, 7 Kan., 405, and cases cited; 2 Jones on Mortgages, sec. 1606, and cases cited.

The conclusion of the prayer of the bill is for "such other and further relief as equity may require," and it is contended that this is a "prayer for a judgment over against a married woman," but we fail to comprehend the force of

the contention, for that part of the prayer referred to is the formal conclusion in most bills, and would not under any circumstances authorize the issuing of a personal judgment against the appellant, Mrs. Long, who joined in the mortgage only for the purpose of relinquishing her right of dower in the mortgaged premises. Lewis and wife vs. Yale, 4 Fla., 418; Dollner, Potter & Co. vs. Snow *et al.*, 16 Fla., 86; Mattair *et al.*, vs. Card, 18 Fla., 767.

It is further contended that the assignment of the mortgage by Harmon to appellee was without consideration, but in this, counsel for appellants has fallen into an error, because the note, to secure the payment of which the mortgage is given, is found in the possession of the appellee, and as the mortgage follows the transfer of the note, and as the bill alleges that the assignment was for a valuable consideration, and as the appellants made no effort to prove that the assignment was without consideration, we fail to see the force of the contention. But suppose that the mortgage was assigned to the appellee without consideration, what difference could that possibly make to the appellants? We can see none.

The decree of the court below is reversed, with directions that the amount of a reasonable attorney's fee due the complainant, be ascertained by competent testimony, either written or oral. All the other proceedings in the case are regular.