A. P. HOLT et al., Appellants, v. JAMES J. DOTY et al., Appellees.

**APPEAL AND ERROR:** Assignments of Error—Generally Sustained
1  **Demurrer.** On appeal from an order sustaining *generally* a demurrer which presents two or more sufficient grounds, the assignments of error and brief points must cover *all* the grounds presented by the demurrer.

**VENDOR AND PURCHASER:** Requisites of Contract—Naked Signing
2  **by Wife.** The obligation of a vendor's wife to perform the terms of a contract will not be inferred from the naked fact that her name

appears as a signature to the contract, when she is not mentioned
or referred to in the contract, and when the language of the contract
apparently treats the husband only as obligated.

DAMAGES: Liquidated Damages and Penalties—Rule of Authorities.
3   A specific contract provision for "liquidated damages" will be
held to be a penalty:
    1.   When it is doubtful whether the parties intended "liquidated
damages" or a "penalty;"
    2.   When the stipulated damages are grossly in excess of the
damages reasonably to be apprehended from a breach of the con-
ditions;
    3.   When it appears that the stipulated damages are to be exacted
upon the happening of any one of several events of varying degrees
of importance;
    4.   When it appears that the parties have stipulated for damages
in excess of the statutory measure of recovery, i. e., the loan of
money.

*Appeal from Page District Court.*—J. B. ROCKAFELLOW, Judge.

APRIL 4, 1922.

ACTION to recover liquidated damages based upon an alleged
breach of a real estate contract.   The trial court sustained de-
murrers to plaintiff's petition and entered judgment for costs
Plaintiffs appeal.—*Affirmed.*

*Tinley, Mitchell, Pryor, Ross & Mitchell* and *J. J. Fer-
guson,* for appellants.

*Ferguson, Barnes & Ferguson,* for appellees.

DE GRAFF, J.—Plaintiffs by petition allege that an agree-
ment to sell certain described real estate was executed November
30, 1918 between them as purchasers, and James J. Doty, as
vendor.   The deal was not consummated and by reason of the
refusal of the defendants to perform, as alleged, plaintiffs seek
to recover liquidated damages in the sum of $10,000 as stipu-
lated in the contract.

The defendant James J. Doty put the petition in question
by a demurrer in which he stated the following grounds:

"1. The contract upon which plaintiffs rely for recovery provides that said defendant is to perform different acts of varying importance, among which are, in effect, the following: a. To pay $100,000 by mortgage; b. To convey five different pieces of real estate; c. To loan $60,000; d. To clear the real estate conveyed of liens; e. To give possession of the real estate on March 1, 1919; f. To deposit deeds before January 15, 1919; g. To furnish abstracts showing good title; h. To pay taxes.

That, as construed by plaintiffs in their petition, the contract provides that said defendant shall pay $10,000 to the plaintiffs for breach of performance of any one of said agreements by the language reading:

'For the true and faithful performance of all and every one of the covenants and agreements above mentioned, the parties to these presents bind themselves unto each other in the penal sum of ten thousand ($10,000) dollars as liquidated damages to be paid to the failing party.'

That by reason thereof the said clause amounts to specifying a sum certain as damages of any one of several stipulations when the losses resulting from such breaches must necessarily be different, and therefore fixes and contemplates a penalty and not liquidated damages.

2. Under the contract the sum stipulated as liquidated damages is out of all reasonable proportion to the loss sustained or reasonably to be anticipated by reason of breach of any one of the stipulations contained in the contract set out, or all of them, and amounts to a penalty, and not liquidated damages.

3. Under the contract, one of the stipulations is for the loan of money, and the only damages which the law allows for breach of such condition is interest.

4. Under the contract, one of the stipulations is for the payment and securing of money, and the only damages which the law allows for a breach of such condition is interest.

5. On its face, the contract does not provide for the payment of liquidated damages to the plaintiffs for breach of contract by the defendants.

6. On its face, the contract is a mere option, and the said defendant was under no obligation to accept the same or to per-

form the stipulations of the same on his part, and had a right to elect to perform or not to perform, at his option.

7. The petition fails to show that plaintiffs performed, or attempted to perform, their part of the contract as required therein.''

The defendant Lema M. Doty filed an identical demurrer with the following additional ground:

''Petition on its face shows that said defendant Lema M. Doty has not in any manner by said contract bound herself to perform any stipulation of said contract, and that the stipulation in regard to liquidated damages contained therein does not apply to her in any way, and that the said Lema M. Doty has in no wise breached or failed to perform any part of said contract.''

These demurrers were sustained generally, and the plaintiffs electing to stand on their petition, judgment for costs was entered against them.

I. The first question presented on this appeal involves the sufficiency of the assignment of error and also the propositions or points made by appellant. But one assignment or statement of error is made and in these words:

1. APPEAL AND ERROR: assignments of error: generally sustained demurrer.

''The court erred in sustaining the demurrers, filed separately, by the defendants herein, and in determining by such ruling that the contract sued upon provides for a penalty and not for liquidated damages.''

Following this assignment of error under the head of ''Brief'' there appears six points or propositions all of which refer and relate to the question of liquidated damages, except one which in argument is made to refer to the same matter.

It will be observed that there were other and different grounds in both demurrers which are not the subject of attack by appellant in assignment or brief points. There is no showing in the record that the trial court based its decision on the grounds which have reference to liquidated damages. The ruling of the court is as follows:

''It is ordered by the court that the demurrer to plaintiff's petition be and the same is hereby sustained and the plaintiff excepts and is given 10 days to amend. The demurrer of each

of the defendants to plaintiff's petition is sustained and the plaintiff is given 20 days to amend or stand upon his petition.''

Appellants' assignment of error may be considered as a general assignment or what is usually termed an omnibus assignment. For the purposes of this appeal we prefer to treat the assignment as one strictly limited to the claim of error in the ruling of the court on the matter of liquidated damages.

It is apparent that there is nothing in the ruling of the court from which this court can determine upon what grounds the demurrers were sustained, or if on any particular ground, which one. The presumption exists in favor of the correctness of the ruling of the trial court. If the ruling of the court could be made on one or more sufficient grounds, even though it appears that some one or more grounds are insufficient, this court presumes that the ruling was based on the sufficient ground. *Worthington v. Olden*, 31 Iowa 419; *Pickrell v. Hiatt*, 81 Iowa 537; *Reeves & Co. v. Lamm Bros.*, 120 Iowa 283; *Chase v. Stearns*, (Iowa) 96 N. W. 1123. It is from the judgment entered that this appeal is taken and not from the reasons which controlled the court in entering that judgment. *Vincent v. Ellis*, 116 Iowa 609.

This court has recently held under the present rule of this court (No. 53) that error relied upon must be pointed out; and, although assignments of error *as such* are no longer essential to a review of the ruling of the district court, we are entitled to know what errors are relied upon for a reversal. This much at least is exacted by Rule 53 of this court.

The new rule emphasizes the points or propositions involved in the appeal. The criterion is not whether the errors relied on are stated as required by the former rule, but whether the questions appear in the points or propositions following the recital of rulings claimed to be erroneous. If not there found the ruling is not reviewable. Error is not presumed, and this court cannot be expected to search the record to ascertain whether there is something upon which error may be predicated. *Redfield v. Boston P. & M. Co.*, 178 Iowa 1275; *Wine v. Jones*, 183 Iowa 1166; *Lamkin v. Lamkin*, 177 Iowa 583; *McGee v. Jones County*, 161 Iowa 296; *Jahr v. Steffen*, 187 Iowa 168; *Miller v. Swartz-*

*lender & Holman,* 192 Iowa 153; *Copeland v. Ferris,* 118 Iowa 554.

Even if it be conceded that a proper assignment of error is made, it is still true if the demurrer contains a ground upon which it was proper to sustain it, the judgment must be affirmed. There is no claim made that all of the grounds stated therein are insufficient, and they are not. It is specifically charged that the court erred in determining that the contract sued upon provides for a penalty and not for liquidated damages. It is the only error or point upon which the appeal is predicated.

II. The name of the defendant Lema M. Doty is not mentioned in the contract. It appears as a signature to the contract. Throughout the contract the word "agrees" is used whenever the second party is mentioned as obligated to do a specific thing. The word "his" is twice used with reference to the same matter. Assuming that Lema M. Doty is the wife of James J. Doty, the affixing of her signature can only be regarded as an expression of her assent to the act of the parties in making the contract, and would work as an estoppel against her assertion in the future of an adverse interest in the subject-matter of the agreement. It was not her contract in the sense that it was the contract of the other party whose name appears in the body thereof and whose signature is attached thereto. In order to bind Lema M. Doty it is necessary that the intention is apparent from the contract upon the application of accepted rules of construction. *Lancaster v. Roberts,* 144 Ill. 213 (33 N. E. 27); *Shriner v. Craft,* 166 Ala. 146 (28 L. R. A. [N. S.] 450); 13 Corpus Juris 572.

2. VENDOR AND PURCHASER: requisites of contract: naked signing by wife.

No cause of action is stated in plaintiffs' petition against the defendant Lema M. Doty and the demurrer therefore was properly sustained. What we have heretofore said disposes of the whole matter in controversy, but since appellant so seriously and earnestly urges before this court the question of liquidated damages and presses a decision on this proposition we will briefly make answer.

III. The contract itself is ambiguous in this particular, that it provides that the stipulated damages are to be paid "*to*

the failing party," and it is alleged by plaintiffs that the de-

3. DAMAGES: liqui-
dated damages
and penalties:
rule of author-
ities.

fendants are the failing parties. Waiving this ambiguity it will be noticed that the contract upon which plaintiffs rely for a recovery provides that the defendant James J. Doty is to perform eight different acts of varying importance. It is well settled that if a contract or bond is given to secure the performance of two or more conditions of varying degrees of importance, or if the damages stipulated are grossly in excess of the damages reasonably to be anticipated from a breach of the conditions, the agreement will be construed to provide a penalty notwithstanding that the term "liquidated damages" is used and prescribed. *Foley v. McKeegan,* 4 Iowa 1; *Sanders v. McKim,* 138 Iowa 122; *Bolster v. Post,* 57 Iowa 698; *Carter v. Strom,* 41 Minn. 522.

The contract in question does not as to damages limit itself to a total breach. It is "for the true and faithful performance of all and everyone of the covenants and agreements above mentioned." This means but one thing. If there is a failure to perform any one stipulation, damages in the amount stipulated would result and this would apply to the agreement for the loan of money. The only damages which the law allows for a breach of such a condition is interest. 17 Corpus Juris 865, 954; *Daly v. Maitland,* 88 Pa. St. 384; *Gower & Holt v. Carter,* 3 Iowa 244; *Kuhn v. Myers,* 37 Iowa 351.

The language of the instrument leaves it quite doubtful whether the parties intended the sum stipulated as liquidated damages or a penalty and under such circumstances the court may properly treat it as a penalty. *Kelly & Mahon v. Fejervary,* 111 Iowa 693; 8 Ruling Case Law 559 *et seq.*

For the reasons indicated the judgment entered by the trial court must be and it is—*Affirmed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.