**WASHINGTON v. STERLING.**

No. 1244.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 8, 1952.

Decided Oct. 14, 1952.

Ellis B. Miller, Washington, D. C., for appellant.

Aubrey E. Robinson, Jr., New York City, entered an appearance for appellee, but filed no brief.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellee, hereafter called landlord, sued appellant, hereafter called tenant, to recover possession of an apartment because of nonpayment of rent. In the same action the landlord also sought a money judgment of $650 for past due rent. The tenant denied being in default in rent, alleging that during her tenancy she had paid the landlord $272.96 in excess of the rent ceiling. The tenant asked for judgment against the landlord for double the amount of the alleged overcharge.

At trial it was shown that the apartment unfurnished had a rent ceiling of $32.72 and that the landlord had furnished it and,

without applying to the Rent Administrator for a new ceiling, rented it to the tenant for $70 a month. The chief controversy between the parties was whether, under the doctrine of Delsnider v. Gould, 81 U.S. App.D.C. 54, 154 F.2d 844, as interpreted by this court in Janifer v. Werner, D.C.Mun. App., 78 A.2d 669, the landlord by furnishing the apartment had created new housing accommodations which were not subject to the old ceiling and which legally could be rented for a larger amount without application to or approval by the Rent Administrator.

During the course of the trial the court, sitting without a jury, suggested to the parties that they compromise their differences by agreeing to a judgment for plaintiff for possession, with no money judgment, and with a stay of execution until May 1, 1952, a period of approximately five weeks. Counsel for the tenant objected to the suggestion and asked the court for a continuance of the case until the decision of the United States Court of Appeals for this Circuit on the appeal to that court from this court in Janifer v. Werner. The court then asked, "Can't we settle this case," and counsel for the tenant "agreed to the entry of the compromise as suggested" by the court. The proceedings were then concluded and entry was made of "Judgment for Plaintiff for Possession by Consent" and "Stay of Execution to May 1, 1952."

The tenant continued in possession until May 1, 1952, and on that day the United States Court of Appeals in Janifer v. Werner, D.C.Cir., 196 F.2d 244, reversed the decision of this court, and ruled that converted housing accommodations are subject to the old rent ceiling until application for a new ceiling is filed with the Rent Administrator. Thereupon the tenant moved for relief from judgment under Municipal Court Civil Rule 60(b), substantially the same as Fed.Rules Civ.Proc. rule 60(b), 28 U.S.C.A. On denial of that motion the tenant filed notice of appeal from the judgment and from the denial of the motion for relief. The landlord moved to dismiss the appeal, contending that an appeal will not lie from a consent judgment. We denied that motion, holding that the appeal from the judgment was too late, but ruling that "the trial court was authorized to hear the motion for relief and to grant relief on a proper showing and that the denial of the motion is subject to review on appeal for abuse of discretion." Washington v. Sterling, D.C.Mun.App., 90 A.2d 836, 837. We are now called upon to determine whether there was an abuse of discretion.

A number of points argued by the tenant deal with the judgment but, as we have said before, the judgment is not before us. However, even if we consider these points, we find them to be without merit. It is argued that the judgment is contrary to the law and the evidence, but the judgment is based on the consent of the parties and not on either law or evidence. Another argument is that the judgment was a compromise settlement and void for lack of consideration, but the tenant accepted the landlord's waiver of his claim for a money judgment and also took full advantage of the stay of execution of the judgment for possession, and this constituted ample consideration. It is also argued that the trial court was in error in refusing to rule on the legal principles involved, but the judgment by consent obviated any necessity for such ruling. Indeed it effectively prevented the court from deciding questions of law or of fact. If the tenant had desired such rulings she should have insisted on her right to trial of the issues and decision thereon.

■ Argument is also advanced that the judgment was the result of arbitrary abuse of judicial discretion. The claim is made that the court unduly pressed for settlement. The record does not bear out this contention. Of course, a trial court ought not to force a settlement on a party who wants a trial, but there is nothing wrong or irregular in a court suggesting the advisability of settlement. A party or his counsel may always refuse to accede to such a suggestion. Counsel in his brief states he was of the firm belief that, if the suggested settlement was refused, the court would render an adverse judgment against his client and "against my better judgment, I agreed to the compromise settlement," but there is

nothing in the record to indicate that counsel was justified in his belief. We cannot infer from the trial court's two suggestions of settlement an implied threat that if the tenant did not accept the suggestion the whole case would be decided against her.

█ Turning to the real question on this appeal, we consider the claim that the refusal to grant the motion for relief was an abuse of discretion. In essence the tenant's argument on this point is that it was the duty of the trial court to vacate the judgment and order a trial of the case in the light of the decision of the United States Court of Appeals in the Janifer case. The present case is distinguishable from many of the cases cited by the tenant in support of her contention. This is not a case where the trial court made an erroneous ruling of law in ignorance of some legal decision or newly enacted statute. Nor is it a case where after decision by the trial court there is called to its attention on motion for new trial a subsequent decision applicable to the case and changing a previous interpretation of the law. Here the parties consented to the entry of the judgment without a trial. It was not until after expiration of the time for appeal from the judgment that a decision of the highest court of this jurisdiction was rendered announcing a new interpretation of the law applicable to this and similar cases. We do not think that this change of law required the trial court to vacate the consent judgment under Rule 60(b). "A change in the law by a subsequent decision * * * is neither a clerical mistake nor the mistake of a party." Safeway Stores v. Coe, 78 U.S.App.D.C. 19, 136 F.2d 771, 773, 148 A.L.R. 782. And certainly it was no mistake of the trial court who merely entered judgment on consent of the parties.

There is no rule which requires that a judgment be vacated simply because subsequent to its entry there is a change in the interpretation of the applicable law. In Lehman Co. v. Appleton Toy & Furniture Co., 7 Cir., 148 F.2d 988, 989, it was said:

"It is true that a district court should follow the effective decisions of the circuit court of appeals of the same circuit. Stoody Co. v. Carleton Metals, Inc., 9 Cir., 111 F.2d 920; Cyclopedia of Federal Procedure (2d Ed.) Vol. 3, section 684. However, Judge Duffy has in no way violated this rule, because his decision antedated the decision of this court. Neither this rule nor any other rule of which we are cognizant requires or authorizes a district court, on its own motion or otherwise, to materially modify its final unappealed decree after the time for appeal has expired, merely to keep current with the subsequent decisions of its circuit court of appeals. Cf. E. Ingraham Co. v. Germanow, 2 Cir., 4 F.2d 1002."

The situation, as we see it, was that when the case came on for trial there was an appeal pending in a similar case, the result of which would probably materially affect the rights of the parties in this case. The pendency of that appeal was known to the parties and to the court, but the court was not required to delay disposition of the case before it until the appeal in another case was decided. Instead of proceeding to completion of the trial the parties agreed to settle their litigation by compromise embodied in a consent judgment. There was nothing unusual in this procedure. Cases are compromised daily both in and out of court. The record discloses no fraud, no misrepresentation and no mistake of fact or law. When the ultimate decision in the Janifer case came down in favor of the tenant's position, she had no right to repudiate her previous consent and demand that the judgment entered upon it be vacated. There was no abuse of discretion in denying the motion for relief from judgment.

Affirmed.