Janet S. **PARRY-HILL**, Appellant,

v.

Edward P. **ROBERTS** et al., Appellees.

No. 18585.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 8, 1965.

Decided April 22, 1965.

Petition for Rehearing En Banc Denied May 24, 1965.

**3.** See Wilhelm v. State Traffic Safety Comm., 230 Md. 91, 185 A.2d 715, 721 (1962); cf. S. S. Kresge Co. v. Kenney, 66 App.D.C. 274, 86 F.2d 651 (1936).

Mrs. Janet S. Parry-Hill, appellant, pro se.

Mr. Thomas B. Lawrence, Washington, D. C., for appellees.

Before DANAHER, WRIGHT and McGOW-AN, Circuit Judges.

PER CURIAM.

Appellant is the wife of Joseph W. Parry-Hill, a building contractor. On April 10, 1955, Joseph W. Parry-Hill signed a printed form real estate agreement as "Seller" in which he agreed to sell to appellees a certain lot of ground "with improvements to be erected thereon." Appellant Mrs. Janet S. Parry-Hill signed that real estate sales contract as "Wife of Seller."

Subsequently, on June 11, 1955, in a document styled "Agreement Between Contractor and Owner," Joseph W. Parry-Hill agreed to construct a building on the lot pursuant to certain plans made part of the agreement.[1] Mrs. Parry-Hill did not sign this agreement of June 11, 1955. Neither she nor the sales contract of April 10 was referred to therein. The suit which is the basis of this appeal resulted from an alleged default on the building contract. Appellees sued both Mr. and Mrs. Parry-Hill, relying on the agreements of April 10, 1955, and June 11, 1955.

There is no basis in law for a claim against Mrs. Parry-Hill under either agreement. Since she was not a party to the agreement of June 11, 1955, she is not bound thereby. With reference to the agreement of April 10, 1955, she signed, not as a party thereto, but as "Wife of Seller," obviously for the purpose of releasing any dower or other marital interest she may have had in the lot which was the subject of the April 10 agreement.[2] This act on her part certainly did not make her a party to that contract for all purposes or to the building contract for any purpose. Holt v. Doty, 193 Iowa 582, 187 N.W. 550, 552 (1922). See also 17A Am.Jur., Dower, §§ 91, 92 (1957); 5 Am.Jur. Legal Forms 5:521, 5:522 (1954).

Reversed.

---

[1]. An analysis of the April 10 and June 11 agreements discloses a discrepancy between the two of $500.00 in the proposed purchase price. The April 10 agreement provides for a deposit of $500.00 "to be applied as part payment" of the total price of $18,000.00. The agreement of June 11 ignores this $500.00 and contains detailed provisions for the payment of the full $18,000.00. Whether this $500.00 was intended by the parties to be payment for the lot, as distinguished from the "improvements to be erected thereon," is not clear. In any event, appellees here make no claim that they did not receive the lot or that the lot, as received, was in any way encumbered by appellant's dower interest. Their complaint is predicated primarily on Mr. Parry-Hill's alleged failure to comply with his building contract.

[2]. There is not the slightest indication that appellant participated in this affair in any way except to release her dower interest in the lot. In deposition, appellee Edward P. Roberts testified:

"Q. Well, with whom did you deal?
"A. Mr. Parry-Hill.
"Q. Entirely with Mr. Parry-Hill? Nobody else?
"A. Nobody else."

The fact that Mrs. Parry-Hill signed the April 10 agreement, not as seller, but as "Wife of Seller" negates her participation as "Seller."