Josephine R. ROEBUCK and Barbara
Foster, Appellants,

v.

WALKER–THOMAS FURNITURE CO.,
INC., a corporation, Appellee.

No. 6552.

District of Columbia Court of Appeals.

Argued March 13, 1973.

Decided Oct. 9, 1973.

William E. Moore, Washington, D. C., for appellants.

Martin S. Protas, pro hac vice, with whom Harry Protas, Robert L. Kay and Jordan M. Spivok, Chevy Chase, Md., were on the brief, for appellee.

Before REILLY, Chief Judge, and KERN and PAIR, Associate Judges.

PER CURIAM:

Appellants' amended complaint [1] asserted three claims: (1) damages for the loss of the use and enjoyment of certain furniture which appellee had sold them in 1967 under a conditional sales contract and repossessed in 1968 during the course of obtaining a default judgment [2] in an action of replevin brought under D.C.Code 1967, § 16–3701 et seq., now attacked by appellants as unconstitutional, and therefore without force and effect, because of alleged lack of due process; (2) damages for appellee's wrongful conversion of the furniture; and (3) damages for appellee's disposal of the furniture after repossession in a manner inconsistent with the provisions of the Uniform Commercial Code which the conditional sales contract expressly made applicable to the transaction.

The trial court correctly treated the complaint insofar as it sought to have vacated the prior judgment as a motion to vacate judgment under Super.Ct.Civ.R. 60(b)(4), see, e. g., Washington v. Sterling, D.C.Mun.App., 91 A.2d 844 (1952), and concluded in an opinion accompanying its order granting appellee's motion to dismiss that appellants had not acted within a reasonable time. The trial judge further

1. The trial court dismissed without prejudice the original complaint which appellants had filed within the time period fixed by the applicable statute of limitations.

2. The judgment in the replevin action was rendered only against appellant Foster.

concluded that both appellants were precluded by the prior default judgment in the action of replevin against appellant Foster from claiming damages for alleged conversion of the furniture. The court concluded finally that the Uniform Commercial Code was inapplicable.

The complaint alleged that appellant Roebuck, the mother of appellant Foster,[3] had entered into "a contractual agreement" with appellee and that "a copy of said agreement" is attached and "marked Exhibit A." The complaint further alleged that appellant Foster "cosigned the agreement." An examination of Exhibit A attached to the complaint [4] reveals the signature of appellant Roebuck on a line underneath the heading "Buyer" on the front of the one-page document denominated "Conditional Sales Contract," but nowhere on this contract does appellant Foster's signature appear.[5]

■ If appellant Foster did not "cosign" the conditional sales contract with appellee then the complaint insofar as it sought to have the trial court vacate the prior default judgment entered against her did state a cause of action since a judg-

ment wholly null and void, Parry-Hill v. Roberts, 120 U.S.App.D.C. 257, 258, 345 F. 2d 746, 747 (1965), may be challenged at any subsequent time by the party against whom it has been rendered. See Tate v. Kelley, D.C.Mun.App., 129 A.2d 855, 856 (1957); Austin v. Smith, 114 U.S.App.D.C. 97, 103, 312 F.2d 337, 343 (1962); C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2862 (1973). Moreover, if in fact appellant Foster did not sign the sales agreement with appellee then the complaint's allegations of conversion and violation of the Uniform Commercial Code insofar as she is concerned would not state a valid claim unless she could otherwise show a cognizable interest in the furniture. Finally, if the prior judgment against appellant Foster was null and void then appellee could not rely upon it to defend against appellant Roebuck's claims contained in the complaint.

■ On the other hand, if appellant Foster did in fact "co-sign" the conditional sales contract then the trial court would have to determine (1) whether under all the facts and circumstances [6] her delay for almost three years in challenging the default judgment was unreasonable [7] and, if

3. Appellants lived in the same household.

4. This court examined the original copy of the complaint which is contained in the trial court's file of this case.

5. The trial court was apparently unaware of this inconsistency.

6. Appellant Foster alleged in the complaint (R. 4–5) that appellee's representative advised her at the time of the repossession and service of process upon her that "it would do her no good to go to court." Appellant Roebuck alleged (R. 5) that after appellee seized the furniture but before the expiration of time for defending against its action of replevin appellee's general manager "indicated that the matter could be resolved by direct communications between the parties, and that he would 'send someone around to straighten out the account.'" While alleged misconduct or fraud on the part of the adverse party may not be relied upon by one seeking to vacate a default judgment after the lapse of a year from the date of the judgment's entry, Super.Ct. Civ.R. 60(b), the court might take into ac-

count the other party's conduct, as developed on the record, in determining whether to grant appellant's request to vacate the judgment "any other reason justifying relief." Super. Ct.Civ.R. 60(b)(6). But see Smith v. Reese, D.C.App., 221 A.2d 439, 440 (1966).

7. Appellants by their complaint sought to have vacated this prior judgment on the ground that it was void because rendered under our replevin statute which they allege, citing Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), violates due process. While, as we have said above, there is virtually no time limit on seeking to vacate a void judgment, such a remedy "does not . . . have wide applicability, because under principles that are applicable in determining whether a judgment is valid or whether it is void, most . . . judgments, even though they are erroneous, are not void", 7 J. Moore, Federal Practice § 60.25[3] (1972 ed.), and may not be used in lieu of a direct appeal. See Title v. United States, 263 F.2d 28, 30–31 (9th Cir. 1959); Elgin Nat. Watch Co. v. Barrett, 213 F.2d 776, 779 (5th Cir. 1954).

so, (2) whether there was sufficient privity between the appellants for that prior judgment against appellant Foster to bind appellant Roebuck under the principle of collateral estoppel.[8] *See* Jefferson School of Social Science v. Subversive Activities Control Bd., 118 U.S.App.D.C. 2, 8–9, 331 F.2d 76, 82–83 (1963). Such a determination hinges upon the facts, Crane Boom Life Guard Co. v. Saf-T-Boom Corp., 362 F.2d 317, 322 (8th Cir. 1966), which are obviously not developed upon the record since the trial court disposed of the case upon appellee's motion to dismiss. *See* Industrial Credit v. Berg, 388 F.2d 835, 842 (8th Cir. 1968).

We are of opinion that the complaint in this case raises significant factual issues which can only be resolved by further proceedings and, accordingly, the court's order of dismissal must be reversed.[9]

So Ordered.

---

As to *Fuentes*, even if this decision were applicable to our statute, it should have prospective effect only since rights have vested and actions have been taken between the time of the judgment and the date of the decision. Safarik v. Udall, 113 U.S.App.D.C. 68, 73–74, 304 F.2d 944, 949–950 (1962).

8. The trial court, citing Washington Gaslight Co. v. District of Columbia, 161 U.S. 316, 16 S.Ct. 564, 40 L.Ed. 712 (1896), concluded that since appellants had been jointly and severally liable to appellee on the conditional sales contract, appellee's default judgment against appellant Foster in the prior replevin action also was binding upon appellant Roebuck who had had notice of that action. But *Washington Gaslight* held that in determining liability *as between indemnitee and indemnitor* a prior judgment recovered by a third person against the indemnitee was binding since the indemnitor had notice of and opportunity to come into that prior suit. In the instant case, the trial court should consider, after further facts are developed, whether this suit may be controlled by the principles set forth in the Restatement of Judgments §§ 94, 97 (1942). *See also,* Restatement of Judgments § 107, Comment (a) (1942).

9. We note that the trial court apparently was of the view that the Uniform Commercial

---

Code, insofar as it requires notice of disposition of the furniture seized by appellee, does not apply because appellee had obtained a judgment in its replevin action. A conditional vendee's ownership rights in the collateral are not cut off as a result of a failure to make payments and the entry of a default judgment. Brandywine Lanes, Inc. v. Pittsburgh Nat'l Bank, 437 Pa. 499, 264 A.2d 377, 380 (1970) (concurring opinion). Such default merely satisfies a condition precedent to the conditional vendor's right to invoke certain remedies, *see* D.C.Code 1967, § 28:9–501(1) ; 4 R. Anderson, Uniform Commercial Code § 9–501:7 (2d ed. 1971), one of which is the right to replevy the goods, and then either keep them as his own or dispose of them by sale. II G. Gilmore, Security Interests in Personal Property § 43.2 (1965). In either event, however, the requisite notice provisions of the Uniform Commercial Code must be adhered to lest the protection against strict foreclosure embodied in the Uniform Commercial Code be impinged upon. It is only where the secured creditor ignores his rights against the collateral and elects to proceed, like any creditor, on the underlying debt, that a subsequent disposal of the collateral, is *not* governed by the requirements of Uniform Commercial Code art. 9.